Ruffin, Judge
 

 Qf this case, as it appears in the pleadings and proofs, in point of fact, not a doubt is entertained by any member of the court. There is strong and convincing evidence, that both the deeds set, up by the defendant are forgeries ; and if they he not, the circumstances, arising out of the age and infirmities of the plaintiff, his ignorance of the whole transaction, and unfeigned surprise when informed of the existence of the instruments, and the conduct of the defendant upon the
 
 *299
 
 interview between herself and her grand-father, when their existence was communicated to him, and the power and influence she had over him, are such as shew a gross fraud on him in obtaining them by the joint contrivance of the defendant and the subscribing witness. The plain ground, however, of relieving against the deeds is, that they appear to be forged. And the difficulty with us has been, how we shall treat such a case. No doubt the court can decree upon the evidence; but the question is, whether it is proper to do so in the first instance, before trying an issue, it is also true, that after a verdict, the court is not bound to act on it, and if it is.pot satisfactory. may send it back to another trial, or even decree against the verdict. Nevertheless, it seems to be more proper that it should be tried at law first. As a crime, this court has no jurisdiction of the question of forgery. It is exclusively with a court of law. And upon the question of fact, the decision made by a jury upon the examination of the witnesses before them, must be more satisfactory than drawing conclusions from their depositions, especially where much may depend on credit, as does here where two witnesses depose to the fact of execution. It seems to be the usual practice in England, to direct an issue. When the defendant objects to discovery, because he may incur a penalty or subject himself to punishment for a crime, it does not preclude the relief, but the court hears the cause, and orders an issue to be made and tided. That is the uniform course, when there is no answer to put the matter in issue in chancery. Where there is an answer, it also common, though not indispensable, to order a trial at law ; as in the cases mentioned by Lord
 
 Hardwicke
 
 in
 
 Brownsword
 
 v.
 
 Edwards,
 
 (2
 
 Ves.
 
 246,) and in
 
 Bishop of Winchester
 
 v.
 
 Fournier, (Ib.
 
 445,)
 
 Sir John Strange
 
 adopted the middle course of having the bond deposited with the register, without then declaring it a forgery, but giving the defendant liberty to bring an action within a reasonable time, and if not, then to be delivered up, or cancelled.
 

 This appears to be the proper course in the case before us, which is perhaps as iniquitous a one as could
 
 *300
 
 well be imagined. The deeds are now filed, and are or* dered to be detained by the clerk, with leave however, to the defendant to try an action of detinue for the slaves mentioned in them, in the Superior Court of Nash county, at next September term, upon three months notice to the present plaintiff, who upon the trial, shall not set tip the objection, that by one of the deeds a life estate is reserved to himself ; but if the defendant should fail to give due notice of trial, further directions may be moved for by either party immediately, or if she shall give such notice, then, after the trial, or failure to try at the time mentioned. For the purposes of that trial, the deeds may be taken out of the office by the defendant’s solicitor, to be by him returned after the next Nash court, and each party is at liberty to read the depositions of such of their witnesses as may then be dead.
 

 Pee Curiam. — Decree accordingly.